IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOCELYN KATSOCK**, as Trustee of the J&V Revocable Living Family Trust, | : | CIVIL ACTION |
| *Plaintiff/Counter Defendant* | : | |
| | : | |
| v. | : | |
| | : | |
| **NASSAU LIFE INSURANCE COMPANY**, | : | NO. 25-cv-0816 |
| *Defendant/ Counter and Cross Plaintiff,* | : | |
| | : | |
| and | : | |
| | : | |
| **KRISTIN KATSOCK**, | : | |
| *Interested Party/Crossclaim Defendant.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                                 **May 19, 2025**

The Court, *sua sponte*, questioned its alleged subject matter jurisdiction in this interpleader action under 28 U.S.C § 1332(a). *See* ECF No. 23. The action reached its docket when the Nassau Life Insurance Company ("Nassau Life"), a citizen of New York and Connecticut, *see* ECF No. 9, removed the case from state court, ECF No. 1. For the reasons discussed below, the Court will remand the case to state court.

**I.      BACKGROUND**

Vivian Katsock ("Vivian") resides with her daughter, Jocelyn Katsock ("Jocelyn"), in Pennsylvania. Vivian suffers from dementia and her estate planning decisions—and her capacity to make those decisions—are now in dispute. ECF No. 1-1 ¶¶ 11, 34; ECF No. 21 at 14 ¶39.

Vivian owned a Nassau Life insurance policy (the "Policy") on the life of her son, John Katsock, Jr. ("John"). ECF No. 1-1 ¶¶ 12, 18. John died on September 19, 2024, ECF No. 1-1 ¶

24, and the Policy proceeds now exceed $500,000, ECF No. 20 at 6 n.3. Jocelyn, as Trustee of the J & V Revocable Living Trust (the "Trust"), and Vivian, through her purported agent Kristin Katsock ("Kristin")—Vivian's granddaughter and John's daughter, claim the proceeds of the Policy.[1] *See* ECF No. 1-1 at 4; ECF No. 26 4:19-22.

Jocelyn, as Trustee of the Trust, filed a Complaint against Nassau Life in the Court of Common Pleas of Bucks County seeking various forms of relief including declaratory judgment and payment of the Policy to the Trust.[2] *See* ECF No. 1-1. Nassau Life removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 ¶¶ 4–9. In Nassau Life's answer to the Complaint, Nassau Life added Kristin, named individually rather than as agent, as a crossclaim defendant and asserted that jurisdiction was proper under both Rule 22 ("Rule Interpleader") and 28 U.S.C. § 1335 ("Statutory Interpleader"). ECF No. 11 at 10 ¶¶4–6. Nassau Life now moves to deposit the contested Policy proceeds with the Court and be dismissed from the action. ECF No. 20 at 1.

## II.     REAL PARTIES IN INTEREST AND SUBJECT MATTER JURISDICTION

"A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*. In particular, in removal cases, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (citation omitted), *abrogated on other grounds* by *Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546 (2005). A "federal court must disregard

---

[1] On July 7, 2020, Vivian executed a Power of Attorney that designated Kristin as her agent ("2020 POA"). ECF No. 20-4. Jocelyn asserts that 2020 POA was revoked by a subsequent Power of Attorney executed on July 30, 2021. ECF No. 1-1 ¶ 43; *see* ECF No. 20-5 at 4.

[2] In addition to determining whether the Trust or Vivian is the appropriate beneficiary of the Policy, both Jocelyn and Kristin seek declaratory judgment that will have wide-ranging implications on how Vivian will be cared for in the end of her life and how her assets will be distributed at death.

nominal or formal parties and rest jurisdiction upon the citizenship of the real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "[T]he citizenship of an agent who merely sues on behalf of the real parties must be ignored." *Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 797 (8th Cir. 1998).

In this case, Kristin is captioned and referenced in her individual capacity in the filings on the docket. *See e.g.* ECF Nos, 1, 11, 13, 17, 20, 21. Kristin has been described as an "Interested Party," *see* ECF No. 1, a "Cross-Defendant," *see* ECF No. 11, and a "Crossclaim Defendant," *see* ECF No. 21.

But Kristin is not suing on her own behalf. The Court confirmed from Counsel for Kristin that she is "suing claiming [she] has power of attorney for Vivian." ECF No. 26 at 4:19-22. Counsel for Nassau Life confirmed that Kristin has no interest personally in the action, and the policy proceeds are distributed to Vivian if Kristin prevails. *Id.* at 6:15-7:5; 7:13-18; ECF No. 20 at 2 ¶ 3. Indeed, before this action was initiated by Jocelyn in state court, Nassau Life sent a letter to Vivian, Jocelyn and Michael Wentz (an attorney not before the Court) that stated "Nassau was [ ] contacted by a law firm representing Kristin Katsock as POA of Vivian Katsock." ECF No. 20-6 at 3. Vivian, not Kristin, is the real party in this action relevant to the Court's determination of subject matter jurisdiction.

Vivian and Jocelyn are the real parties in interest in this action. They also live together in Pennsylvania. Since there is not diversity between the two claimants, the Court ordered supplemental briefing on the issue of subject matter jurisdiction. ECF No. 23. In response, Nassau

Life submitted its supplemental brief arguing the Court has diversity jurisdiction under Rule Interpleader.[3] ECF No. 24 at 3.

### III.   LEGAL STANDARD AND DISCUSSION

Rule Interpleader allows a stakeholder who "admits it is liable to one of the claimants, but fears the prospect of multiple liability, to file suit, deposit the property with the court, and withdraw from the proceedings." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (quoting *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007)) (cleaned up). This leaves "the competing claimants . . . to litigate between themselves, while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Id*. Rule Interpleader "is no more than a procedural device; the [defendant] must plead and prove an independent basis for subject matter jurisdiction." *Metro Life Ins. Co.,* 501 F.3d at 275. Jurisdiction "must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts." 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1710 (3d ed); *see* 28 U.S.C. §§ 1331, 1332, and 1367.

The Court now turns to the underlying basis for jurisdiction in this interpleader action. Here, Nassau Life asserts there is jurisdiction under § 1332(a) since it is diverse from all claimants. ECF No. 24 at 3–4. Nassau Life's understanding of diversity focuses on the procedural alignment of the interpleader action—the dispute between the third-party shareholder and the claimants. However, focusing on the procedural alignment ignores why the parties are litigating—two claimants are fighting over the same money. This Court must confront which of the disputes, the

---

[3] Nassau Life did not provide any authority in its supplemental brief that Kristin is the real party in interest. *See generally* ECF No. 24. Rather than establish diversity among the claimants, Nassau Life now relies solely on Rule Interpleader since Statutory Interpleader requires the adverse claimants be diverse. *See* 28 U.S.C. § 1335; ECF No. 24 at 3, 4 n.2.

alignment of the interpleader action or the dispute between the claimants, is the relevant "controversy" for the purposes of the Article III, § 2, cl. 1 of the Constitution and § 1332(a).

In the context of Statutory Interpleader, the Supreme Court held that the real controversy was "between the adverse claimants." *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 72 (1939) (holding that there was jurisdiction in the context of Statutory Interpleader where there was complete diversity between claimants but not diversity between the stakeholder and claimants). The holding in *Treinies*—that the relevant controversy for determining diversity jurisdiction is between the claimants—logically can be applied (or at least serve as persuasive authority for) the analysis of diversity in a Rule Interpleader action.

The circuit courts largely ignored *Treinies* when considering the constitutionally significant controversy for determining whether there is diversity under § 1332(a) in Rule Interpleader. *See* Kristen DeWilde, *Comment, Catch Rule 22: When Interpleader Actions Violate Statutory and Constitutional Diversity Jurisdiction Requirements*, 168 U. PA. L. REV. 467, 508–9 (2020) (summarizing the circuit court treatment of diversity jurisdiction in the context of Rule Interpleader). The Third Circuit "with some hesitancy" and virtually no analysis held that in Rule Interpleader "diversity need only be between the [ ] stakeholder and the individual claimants. Diversity among [the] individual claimants is not required." *Kerrigan's Est. v. Joseph E. Seagram & Sons*, 199 F.2d 694, 697 (3d Cir. 1952). Little subsequent caselaw cites *Kerrigan's Estate* for this proposition.[4] The Third Circuit in *Angst v. Royal Maccabees Life Ins. Co.* stated in dicta that "[i]t appears to be well-settled that diversity between the stakeholder and claimants is sufficient to

---

[4] A Westlaw search of citing references shows fewer than forty cases cite *Kerrigan's Estate* in over seventy years. Of those cases, many cite to it for its holding regarding prejudice in amending pleadings. *See e.g. Deakyne v. Comm'rs of Lewes,* 416 F.2d 290, 300 n.19 (3d Cir. 1969).

confer federal jurisdiction if the amount in controversy requirement is met." 77 F.3d 701, 703–4 (3d Cir. 1996).

This Court cannot ignore the actual controversy at bar: the dispute between Jocelyn, as Trustee, and Vivian, through her purported agent, over the appropriate distribution of the Policy proceeds. In light of this, the Court cannot rely on *Kerrigan's Estate* because it does not analyze why diverse claimants are not constitutionally and statutorily required. *See* DeWilde at 509. Instead, this Court looks to *Treinies* and agrees with the thorough analysis set forth in DeWilde's "*Catch Rule 22.*" The Court adopts the reasoning therein, specifically DeWilde's analysis supporting her conclusion that when analyzing diversity in Rule Interpleader actions, courts have focused on the wrong dispute—between the shareholder and the claimants. *See id.* at 508–9, 511. "The controversy requirement, under both Congress's statutes granting jurisdiction and the Constitution, means that the jurisdiction of federal courts in [Rule Interpleader] actions only extends to suits in which at least one claimant is diverse from another adverse claimant." *Id.* at 511.

Here, the claimants are Jocelyn as Trustee of the Trust and Vivian through her purported agent. Both are citizens of Pennsylvania. Since the true controversy is between non-diverse claimants, there is no diversity jurisdiction under § 1332(a) and the Court must remand this action to the state court. 28 U.S.C. § 1447(c).

## IV.    CONCLUSION

Since the claimants are not diverse, the Court does not have subject matter jurisdiction under § 1332(a). The case is remanded to the Court of Common Pleas of Bucks County, Pennsylvania. An appropriate Order will follow.

7

                                              **BY THE COURT:**

                                              **/s/ Chad F. Kenney**

                                              _____

                                              **CHAD F. KENNEY, JUDGE**